UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
MICHAEL MARTINS,                   )
                                   )
            Plaintiff,             )
                                   )
       v.                          )   C.A. No. 11-539 S
                                   )
RHODE ISLAND HOSPITAL,             )
                                   )
            Defendant.             )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, Chief Judge.

United States Magistrate Judge Lincoln D. Almond has issued a Report and Recommendation ("R&R") in the above-captioned matter (ECF No. 76). The Plaintiff, Michael Martins ("Martins"), has filed a series of objections. For the reasons that follow, the Court DENIES the objections and ACCEPTS the R&R. The Motion for Summary Judgment filed by Defendant Rhode Island Hospital (the "Hospital") (ECF No. 47) is GRANTED IN PART and DENIED IN PART.

I. Background

The R&R thoroughly recounts the underlying facts and they need not be reproduced in full here. In brief, Martins was terminated from his position as a Unit Assistant at the Hospital for theft of time. Surveillance cameras and the Hospital's employee ID swipe system suggested that Martins left work for

approximately four hours on September 11, 2010 and, later, he could not account for his whereabouts.  Martins was terminated at a meeting with his supervisor, Cathy Fanning ("Fanning"), and a human resources representative, Sandra Badessa ("Badessa"), approximately two weeks later, despite the fact that Martins informed Fanning and Badessa at this meeting that he suffers from bipolar disorder.[1]

Martins sued under the Rhode Island Civil Rights Act ("RI CRA"), the Rhode Island Fair Employment Practices Act ("RI FEPA"), the Rhode Island Civil Rights of Peoples with Disabilities Act ("RI CRPWDA"), the Rhode Island Parental and Family Medical Leave Act ("RI PFMLA"), the National Labor Relations Act and the Family and Medical Leave Act ("FMLA"). The R&R recommended that the Hospital's Motion for Summary Judgment be granted as to all of Martins' claims with the exception of Counts VI, VII and VIII, which assert claims based on the Hospital's alleged failure to reasonably accommodate a disability.  Martins objects to the R&R insofar as it recommends summary judgment on his remaining claims.[2]  The Court considers the objections in the order in which they are raised.

---

[1] The record suggests that Martins' union representative, Linda Russolini ("Russolini"), was also present at this meeting.

[2] The Hospital has not objected to the R&R.

II. Martins' Objections to the R&R[3]

    A. Counts III, IV and V – Discriminatory Discharge

Martins objects first to the granting of summary judgment on his claims for discriminatory discharge - Counts III, IV and V, brought under RI CRA, RI FEPA and RI CRPWDA, respectively. Martins argues that Judge Almond erred in requiring him to establish pretext in order for these claims to survive summary judgment.

This argument misconstrues the R&R, which accurately sets forth the relevant law requiring a plaintiff to establish a prima facie case of disability discrimination by showing, among other things, that the employer discharged him in whole or in part because of a disability. Poulin v. Custom Craft, Inc., 996 A.2d 654, 658-59 (R.I. 2010). The R&R then goes on to note that only once the prima facie case has been established does the burden shift to the employer to offer a legitimate, nondiscriminatory reason for the discharge, which the aggrieved employee can then refute with a showing of pretext. See DeCamp v. Dollar Tree Stores, Inc., 875 A.2d 13, 25 (R.I. 2005) (discussing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).

---

[3] The Court reviews de novo those portions of the R&R to which Martins objects. 28 U.S.C. § 636(b)(1)(C).

3

The R&R concluded that Martins failed to establish a prima facie case of discrimination because of a lack of evidence that he was terminated as a result of a disability. More specifically, the R&R noted that Martins only informed Fanning and Badessa of his bipolar disorder at the meeting immediately prior to his termination, undermining any claim that discriminatory animus led to his firing. What is more, the R&R noted Martins' concession that Fanning and Badessa did not believe his explanation that a disability played any role in his disappearance from work.

Only after reaching this conclusion did Judge Almond note that even were Martins to establish a prima facie case of discrimination, under the burden-shifting framework, he had not proffered sufficient evidence to demonstrate pretext. Judge Almond principally relied on the undisputed fact that, prior to the meeting at which Martins disclosed his bipolar disorder, Fanning and Badessa had completed an investigation which concluded that Martins had stolen time. Thus, his termination for theft of time could not reasonably be construed as pretext for unlawful discrimination.

In sum, Judge Almond did not improperly require a showing of pretext, as Martins contends. Instead, the R&R accurately described the applicable law and correctly applied it to these facts. As such, this objection is DENIED.

B. Counts IX and X – Interference with Leave Rights

Martins objects next to Judge Almond's recommendation that summary judgment be granted as to Counts IX and X, which assert claims for interference with rights under the RI PFMLA and the FMLA, respectively, for failure to provide required notice. Under the RI PFMLA, an "employee shall give at least [30] days notice of the intended date upon which . . . leave shall commence and terminate, <u>unless prevented by medical emergency from giving the notice</u>." R.I. Gen. Laws § 28-48-2(a) (emphasis added). Under the FMLA, "an employee must provide notice to the employer <u>as soon as practicable under the facts and circumstances of the particular case</u>." 29 C.F.R. § 825.303(a) (emphasis added). Martins contends that Judge Almond erred when he found that Martins failed to give the Hospital adequate notice of his need for medical leave.

As the R&R notes, Martins' argument is something of a moving target. Martins initially alleged that the fact that he was hospitalized following his disappearance from work in September 2010 should have placed the Hospital on constructive notice that he required medical leave.[4] (See Am. Compl. ¶¶ 105, 114, ECF No. 23.) However, before Judge Almond, as now, Martins abandons this line of argument and contends that he provided the

---

[4] Martins later received a diagnosis of "bipolar disorder, most recent episode manic." (Am. Compl. ¶ 41.)

5

Hospital with actual notice of his need for medical leave when he informed Fanning and Badessa of his bipolar disorder at the meeting immediately preceding his termination.

Even setting aside the fact that this is arguably a newly-minted argument, the Court concurs with Judge Almond's finding that Martins' actions at the meeting were insufficient to place the Hospital on notice of his need for medical leave. In order to provide adequate notice, "an employee must provide his employer with enough information to show that he may need FMLA leave." Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005). "Although the employee need not name [the FMLA], he must provide information to suggest that his health condition could be serious." Id. (citations omitted). "Employees thus have an affirmative duty to indicate both the need and the reason for the leave . . . ." Id. (citations omitted).

Martins' own testimony reveals that his disclosures at the meeting with Fanning and Badessa were deficient. During this meeting, Martins initially claimed that he was "around the hospital" during the period in question. (See Dep. of Michael Martins 97, ECF No. 48-1.) Later, during the same meeting, Russolini, Martins' union representative, told him that his explanation did not "make any sense." (Dep. of Michael Martins 148, ECF No. 63-23.) Only then did Martins state: "I'm sorry . . . to tell you this, you know, I have bipolar disorder, and,

6

you know, it could explain the reason for, you know, my behavior that day." (Dep. of Michael Martins 101, ECF No. 63-22.) As the R&R concludes, Martins' speculative reference to bipolar disorder as the cause of his disappearance is inadequate to have placed the Hospital on notice of Martins' need for medical leave. As such, this objection is DENIED.

C. Count II – Collective Bargaining Agreement Violation

During his employment at the Hospital, Martins was subject to a collective bargaining agreement (the "CBA") in place between the Hospital and his union, Teamsters Local 251 (the "Union"). In Count II, Martins alleges that the Hospital violated the CBA by terminating his employment without just cause and that the Union violated its duty of fair representation by not pursuing a so-called Step III hearing to contest his termination. To prevail on such a "hybrid" claim, Martins must prove both the violation by the Hospital of the CBA and the violation by the Union of the duty of fair representation. See Almeida v. E. Utils. Corp., C.A. 99-269L, 1999 U.S. Dist. LEXIS 21632, at *10 (D.R.I. Oct. 28, 1999).

With respect to the Union, Martins contends that it acted in bad faith when it declined to pursue his grievance to a Step III hearing. He now objects to Judge Almond's recommendation that summary judgment be granted as to this count. However, Martins' assertion that the Union violated its duty of fair

7

representation cannot withstand scrutiny. As Judge Almond aptly noted in the R&R, Martins' claims regarding the Step III hearing are contrary to his Complaint in which he alleged only that the Union failed to adequately pursue his grievance through arbitration. (Am. Compl. ¶ 68.) Martins may not now bob and weave his way to an entirely new cause of action. See Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) ("[A] litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.") (citations omitted) (internal quotation marks omitted).

What is more, the record suggests that the Union contacted the Hospital's Step III hearing designee with a request that the Hospital reconsider Martins' termination in light of evidence presented by Martins' treating physician. (See Letter from Att'y Marc Gursky to Louis J. Sperling, ECF No. 63-15.) The Hospital declined to do so based on inconsistencies in Martins' explanations for his absence from work. (See Letter from Louis J. Sperling to Att'y Marc Gursky, ECF No. 63-16.) This suggests that pursuit of a Step III hearing would have been futile and that the Union did not violate its duty of fair representation. Thus, this objection too is DENIED.

III. Conclusion

For the foregoing reasons, Martins' objections are DENIED and the R&R is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1). The

Hospital's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. Summary judgment is GRANTED in favor of the Hospital as to Counts II, III, IV, V, IX and X and DENIED as to Counts VI, VII and VIII.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  August 13, 2014